360 P.2d 485

William D. JOHNSON, Plaintiff and
Appellant,

v.

Robert CRAIL, Henry M. Scheurn and Dan
S. Bushnell, Defendants and
Respondents.

No. 9291.

Supreme Court of Utah.

March 28, 1961.

Child, Spafford & Young, Salt Lake City,
for appellant.

Bushnell, Crandall & Beesley, Gordon I.
Hyde, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment that an ex-
change of stock for mining claims did not
violate Title 61–1–7, but was exempt under
61–1–6, Utah Code Annotated 1953. Af-
firmed. Costs to defendants.

A stipulation of facts was signed. Ab-
stracted, it established that except for nomi-
nal shares to the defendants, incorporators
of Prudential Oil and Minerals Co., none
had been issued to others than plaintiff and
one Grube at the time of the transaction,
involving the exchange of stock for 18 min-
ing claims; that one Grube claimed an in-
terest in such claims along with plaintiff,
and that the 60,000 shares involved were
issued, 20,000 and 40,000 to Grube and
plaintiff respectively and simultaneously;

that at the time the stock was not registered with the State Securities Commission; that defendants claim the exchange was exempt; that a pretrial order consented to by plaintiff was to the effect that the exchange was "a single transaction,"—a conclusion to which plaintiff subsequently, but timely, objected.

Plaintiff urges that the transaction was voidable; that he avoided it by timely action under the statute (61–1–25); that at the time of the exchange, 1) the corporation was not the "owner" of the shares and that even so, 2) the exchange was not an "isolated" transaction under the act.

We do not agree with 1). We believe the authorities cited by plaintiff, with which we have no quarrel, are inapropos here and do not support plaintiff's contention.

An examination of the stipulated facts makes it quite apparent that the legislation exempting isolated sales was designed to govern a situation like that here, else it makes no sense. There was no evidence whatever of any "repeated and successive transactions of a like character" that would make vulnerable the exchange here to registration under the act.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.